IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.    21-CR-00019-PAB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOHNNY RAY McCASLIN,

        Defendant.
_____

**UNOPPOSED MOTION FOR 90-DAY ENDS OF JUSTICE CONTINUANCE
AND EXTENSION OF PRETRIAL MOTIONS DEADLINE**
_____

      JOHNNY RAY MCCASLIN, through the Office of the Federal Public Defender, and undersigned counsel Assistant Federal Public Defender Jennifer Beck, hereby moves this Honorable Court for an Order excluding ninety (90) days from the speedy trial time limitations and vacating current deadlines, including the motions deadline (March 1, 2021), the Trial Preparation Conference (April 2, 2021), and the trial date (April 5, 2021). Neither the government nor Mr. McCaslin oppose the present Motion.

**I.**    **Statement of relevant facts.**

      1.    On January 29, 2021, a criminal complaint was filed against Mr. McCaslin. Doc. No. 1. He was arrested on January 29, 2021. Doc. Nos. 2, 3. He was ordered detained on February 4, 2021. Doc. Nos. 11, 13. On February 2, 2021, Mr. McCaslin was charged by indictment with one count of Possession of a Firearm/Ammunition by a Prohibited Person, in violation of Title 18 United States Code, Section 922(g)(1). Doc. No. 8. Two days later, on February 4, 2021, he appeared by videoteleconference for his

arraignment and discovery conference. Doc. No. 11. Shortly thereafter, trial was scheduled for April 5, 2021. Doc. No. 14. Pretrial motions are due on March 1, 2021. *Id.*

2. Since undersigned counsel entered her appearance in this case on February 1, 2021, counsel has acted diligently. Initial discovery was provided to undersigned counsel on February 11, 2021. There is voluminous discovery, including 1,300 pages of paper discovery and numerous videos, including body worn camera footage, taped interviews with suspects and witnesses, and surveillance and security footage from three separate shooting incidents that occurred across the Denver metro area from November through January. Counsel has been able to review some, but not all, of the provided discovery.

3. However, Mr. McCaslin has not been able to view the discovery. He is in custody at the Denver Downtown Detention Center and legal mail is not quickly processed there. Mr. McCaslin reported that he received his indictment on February 16, 2021 and it was sent from our office on February 4, 2021. Furthermore, counsel has been informed by the Denver Downtown Detention Center that the facility does not allow inmates to have USB drives or discs. Unfortunately, that is the only way that Mr. McCaslin can view the electronic discovery at this time unless counsel brings a laptop with the electronic discovery on it to the jail and sits with Mr. McCaslin at the jail while he views the discovery. Given the COVID-19 pandemic, and its circulation in detention centers, counsel does not, at this time, feel comfortable entering the Denver Downtown Detention Center.

4. Assistant United States Attorney Jena Neuscheler also informed counsel today that she received an additional "large batch" of discovery and that it should be disclosed sometime next week.

5. Counsel needs more time to 1) review the discovery that has been disclosed, 2) review the pending discovery that is outstanding, 3) discuss the discovery with Mr. McCaslin after his review of it.  After a full review of the complete discovery, counsel needs more time to 1) evaluate, analyze, and research any potential suppression issues, 2) investigate potential defenses, 3) interview non-law enforcement witnesses, 4) request potentially exculpatory records, and 8) consult with the government about a possible resolution of the case short of trial.  These critical tasks cannot be completed before the upcoming deadlines and trial date.

6. Undersigned counsel anticipates being able to accomplish all of the outstanding tasks within 90 days; therefore, Mr. McCaslin requests a 90-day ends of justice continuance and a continuance of the motions filing deadline.

7. Assistant U.S. Attorney Jena Neuscheler does not oppose this request.

8. Mr. McCaslin also has no objection to the request.

**II.   The ends of justice served by a 90-day continuance outweigh the interests in a speedy trial.**

9. Mr. McCaslin moves for a 90-day continuance of the trial in this case, extension of the deadline to file motions, and exclusion of time pursuant to 18 U.S.C. § 3161(h)(7).

10. Under Subsection (h)(7) of the Speedy Trial Act, the Court is to exclude from computation "[a]ny period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether or not to make such a finding, the Court is to consider the following

3

factors that are applicable in this case: (1) whether the failure to grant the continuance would "result in a miscarriage of justice," and (2) whether – considering the case as a whole – the failure to grant the continuance would "deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B).

11.  Additionally, the Tenth Circuit looks to a number of factors when reviewing an order on a motion for continuance, which provide direction to a trial court as to how to develop a sufficient record when reviewing a motion to continue.  These factors include:

> the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] the need asserted for the continuance and the harm that [the defendant] might suffer as a result of the district court's denial of the continuance.

*United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987); *see also United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009) ("[T]he record . . . must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time."); *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007) ("[T]he trial court must make explicit findings regarding why granting the continuance will strike a proper balance between the ends of justice and the best interest of the public and the defendant in a speedy trial." (Internal quotation marks and citation omitted)).

12.  As described above, defense counsel has acted diligently since appearing in this case.

13.     Undersigned counsel believes that the requested 90-day extension would serve the requested purpose and allow for the completion of the aforementioned tasks, as well as the necessary preparation for trial and/or negotiation with the government.

14.     Undersigned counsel discussed the need for a continuance of the pretrial motions deadline and the trial with Assistant U.S. Attorney Jena Neuscheler; she does not oppose the request.  Nor does there appear to be any risk in this case as to further spoliation of evidence or other similar harm to the interests of the public, resulting from the requested 90-day continuance.

15.     As discussed above, the 90-day continuance request is calculated to allow defense counsel enough time to complete discovery review, adequately investigate the case, research pretrial motions issues, and properly and effectively advise Mr. McCaslin about the pros and cons of filing any motions, the benefits of a potential plea bargain, and the risks of going to trial.

16.     If the requested continuance is denied, however, Mr. McCaslin will not be able to effectively litigate pretrial issues, present a defense at trial, or weigh the decision between a plea bargain and a trial.  No amount of diligent work can insure effective assistance of counsel prior to the motions deadline nor prior to the trial date as contemplated by the current speedy trial time frame.

/ / /

WHEREFORE, JOHNNY RAY MCCASLIN, by and through counsel, moves for a 90-day ends of justice continuance of trial and to extend the deadline for filing pretrial motions.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Jennifer Beck
JENNIFER BECK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Jennifer_Beck@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 22, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

    Jena Neuscheler, Assistant United States Attorney
    Email: jena.neuscheler@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Johnny McCaslin (Via U.S. Mail)

                                            s/ Jennifer Beck
                                            JENNIFER BECK
                                            Assistant Federal Public Defender
                                            633 17th Street, Suite 1000
                                            Denver, CO  80202
                                            Telephone:  (303) 294-7002
                                            FAX:  (303) 294-1192
                                            Jennifer_Beck@fd.org
                                            Attorney for Defendant